

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 1:02-CR-42 |
| | § | |
| MICHAEL LEON WATTS | § | |

### REPORT AND RECOMMENDATION ON DEFENDANT'S
### MOTION CHALLENGING JURISDICTION

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court, Eastern District of Texas, the District Court referred this criminal matter to the undersigned United States Magistrate Judge for entry of recommended findings and disposition on case-dispositive motions. Pending before the Court is the Defendant's *Motion Challenging Jurisdiction* [Clerk's doc. #57].

**Background**

On February 20, 2002, a federal grand jury in the Eastern District of Texas returned a two-count indictment charging Mr. Watts with possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1), and possession of a prohibited object while being an inmate at a federal prison, in violation of 18 U.S.C. § 1791(a)(2). The District Court conducted a jury trial on the

Indictment. On November 15, 2002, the jury found Mr. Watts guilty on both counts. The District Court subsequently sentenced Defendant to thirty-three (33) months imprisonment on each count, to run concurrently, but consecutive to Mr. Watt's prior federal sentence of imprisonment that he was already serving. The record also shows that Mr. Watts appealed the judgment in this criminal case to the United States Court of Appeals for the Fifth Circuit, and his conviction was affirmed. *See Judgment of United States Court of Appeals for the Fifth Circuit* [Clerk's doc. #s 54, 55].

Additionally, the docket sheet in this case and the CM/ECF docketing system for the Eastern District of Texas show that since his conviction, Mr. Watts has filed at least thirteen post-conviction proceedings in this Court, including a motion to vacate under 28 U.S.C. § 2255 in cause number 1:04-CV-550. The Court denied the motion to vacate, and Mr. Watts' appeal of that denial was dismissed by the Fifth Circuit. The most recent of his post-conviction filings in this Court was dismissed as frivolous under 28 U.S.C. § 1915(g) because at least four previous lawsuits filed by plaintiff were dismissed as frivolous or for failure to state a claim. *See* 1:09-CV-930, *Watts v. Lappin*.

**Defendant's Motion**

Defendant contends in his motion that the Court lacks jurisdiction over this criminal proceeding. He argues that the indictment should be dismissed because it was never properly examined by the Grand Jury or returned in open court. He therefore presents a "jurisdictional challenge" to the indictment and this proceeding.

**Analysis**

Title 18, United States Code, Section 3231 gives federal courts original and exclusive jurisdiction over federal crimes. *See* 18 U.S.C. § 3231 ("The district courts of the United States

shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States"); *see also United States v. Casey,* No. CV.04-2844-MI/P, CR.02-20308-MI, 2005 WL 2114059 at *2, 2005 U.S. Dist. LEXIS 43995 (W.D. Tenn. Aug. 30, 2005) (citing *United States v. Allen*, 954 F.2d 1160, 1165-66 (6th Cir. 1992)). Federal courts have exclusive jurisdiction over offenses against the laws of the United States under Section 3231; the permission of the state is not a prerequisite to exercise that jurisdiction. *United States v. Sitton*, 968 F.2d 947, 953 (9th Cir. 1992). On this basis alone, the Court finds Mr. Watts' jurisdictional challenge to be without merit. *See United States v. Trevino*, 299 F. App'x 384, 385 (5th Cir. Nov. 12, 2008) (citing 18 U.S.C. § 3231, 28 U.S.C. § 124; *United States v. Jackson*, 313 F.3d 231, 233 (5th Cir. 2002)).

Further, to the extent that he is making a "jurisdictional challenge" to the charges upon which he was convicted, the Court finds these arguments to be baseless as well. Mr. Watts' position is that the indictment is defective because he alleges problems with the grand jury proceedings, as discussed above and set forth in his motion. The Court finds that Mr. Watts' arguments implicate a nonjurisdictional defect, which he cannot now raise. *See United States v. Daughenbaugh*, 549 F.3d 1010, 1012-1013 (5th Cir. 2009).

In *United States v. Cotton*, the Supreme Court held that ""indictment omissions" do not deprive a court of jurisdiction, noting that while "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived. . . . the grand jury right can be waived." 535 U.S. 625, 630-31, 122 S. Ct. 1781, 152 L. Ed. 2d 860 (2002) (internal citations omitted); see also *Kontrick v. Ryan*, 540 U.S. 443, 456, 124 S. Ct. 906, 157 L. Ed. 2d 867 (2004) ("Clarity would be facilitated if courts and litigants used the label 'jurisdictional' . . . only for prescriptions delineating the classes of cases (subject-matter jurisdiction) and the persons (personal

jurisdiction) falling within a court's adjudicatory authority."); *United States v. Cothran*, 302 F.3d 279, 283 (5th Cir. 2002) (noting that while earlier precedent had treated certain indictment errors as jurisdictional, "*Cotton* demonstrates that standard waiver principles apply to defects in the indictment"). Thus, any error in the charging procedure is nonjurisdictional. *See Daughenbaugh,* at 1012-1013.

Mr. Watts proceeded to trial and was convicted on the indictment with which he takes issue now. His conviction was appealed and affirmed, and his post-conviction motion to vacate was denied, and only now does he present his arguments about the propriety of the indictment and the underlying grand jury proceedings. Accordingly, not only does his motion fail in that he poses it as a jurisdictional challenge, but he has also waived any challenge to the indictment. *See United States v. Cotton*, 152 L. Ed. 2d 860, 122 S. Ct. 1781, 1785 (2002) (the Supreme Court held that defects in the indictment are not jurisdictional and applied plain error review because a defendant had failed to challenge the sufficiency of the indictment before or during trial). Accordingly, the "challenge to jurisdiction" should be denied.

Relatedly, as stated above, Mr. Watts appealed his conviction. In that direct criminal appeal, the Fifth Circuit upheld his conviction. He also filed several post-conviction motions, including a motion to vacate pursuant to 28 U.S.C. § 2255, which was denied by the District Court and also affirmed on appeal. He has a lengthy litigation history, and many of his post-conviction proceedings have been dismissed, the latest of which was found to be frivolous under 28 U.S.C. § 1915(g). Only now, seven years after his conviction, Mr. Watts presents the arguments about the flawed grand jury proceedings. This arguments are untimely and procedurally flawed. The proper way to raise his contentions with the grand jury would have been before trial on the matter, in his

direct criminal appeal, or in his Section 2255 motion. Accordingly, the instant motion filed in this long-closed criminal proceeding is improper procedurally and overdue. The motion should also be denied as untimely and unmeritorious in this respect.

**Conclusion and Recommendation of the Court**

Accordingly, having considered the motion, the record in this cause, and based upon the findings of fact and conclusions law stated herein, the undersigned magistrate judge recommends that the District Court deny Defendant's *Motion Challenging Jurisdiction* [Clerk's doc. #57].

**Objections**

Pursuant to 28 U.S.C. § 636(b)(1)(c), all parties are entitled to serve and file written objections to the report and recommendation of the magistrate judge within fourteen (14) days of service. Failure to file specific, written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report shall bar an aggrieved party from *de novo* review by the District Judge of the proposed findings, conclusions and recommendations, and from appellate review of factual findings and legal conclusions accepted by the District Court except on grounds of plain error. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Douglass v. United Serv. Auto. Ass'n.,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*); 28 U.S.C. § 636(b)(1).

**SIGNED this the 19th day of March, 2010.**

KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE